**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4689**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JEREMY PERNELL MOSLEY,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Leonie M. Brinkema, District Judge.  (1:07-cr-00302-LMB-1)

Submitted:  June 22, 2009                Decided:  July 9, 2009

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank Salvato, LAW OFFICES OF FRANK SALVATO, Alexandria, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Daniel J. Grooms, Marla B. Tusk, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Pernell Mosley pled guilty to one count of conspiracy to distribute fifty grams or more of crack cocaine, and one count of possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Mosley to 168 months of imprisonment, and he timely appealed. On appeal, Mosley argues that the district court erred in denying his motion to withdraw his guilty plea, his motion to dismiss the indictment for lack of jurisdiction, and his motion to transfer the case. We affirm.

A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant has the burden of demonstrating "a fair and just reason" for withdrawal. Fed. R. Crim. P. 32(e); Ubakanma, 215 F.3d at 424. A "fair and just reason" is one that challenges the fairness of the guilty plea colloquy conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, six factors are considered:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Although all the factors in Moore must be given appropriate weight, the key to determining whether to grant a motion to withdraw a guilty plea is whether the Rule 11 hearing was properly conducted. United States v. Faris, 388 F.3d 452, 456 (4th Cir. 2004). This court closely scrutinizes the Rule 11 colloquy. An adequate Rule 11 proceeding creates a strong presumption that the guilty plea is binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Our review of the record leads us to conclude that the district court properly applied the Moore factors and did not abuse its discretion in denying Mosley's motion to withdraw his guilty plea.

Mosley also argues that the district court erred in denying his motion to dismiss the indictment for lack of jurisdiction. Mosley's argument is squarely foreclosed by Circuit precedent. United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995).

Mosley next argues that the district court erred in denying his motion to transfer his case to the Western District of Virginia because venue was improper in the Eastern District. He asserts that the conspiracy charged in Count One of the indictment occurred in the Western District. The venue statute generally applicable to criminal cases provides that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (2006). A conspiracy may be prosecuted in any district in which an act in furtherance of the conspiracy was committed. United States v. Al-Talib, 55 F.3d 923, 928-29 (4th Cir. 1995).

In this case, the AUSA stated in the factual basis, without contradiction by Mosley, that several acts in furtherance of the conspiracy occurred in the Eastern District of Virginia. The district court did not err in concluding that venue was proper in the Eastern District. To the extent Mosley's argument can be construed as asserting that the district court should have transferred the case for the convenience of the parties under Fed. R. Crim. P. 21(b), we find

4

the district court did not abuse its discretion.  See United States v. Smith, 452 F.3d 323, 336 n.1 (4th Cir. 2006).

Finally, Mosley asserts a claim of ineffective assistance of counsel, stating that "this factual issue is probative as to the withdrawal of the guilty plea factors." Claims of ineffective assistance of counsel are generally not cognizable on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion.  See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  An exception exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.  Our review reveals that the record does not demonstrate that counsel performed in a deficient manner.  We therefore decline to consider this claim.

Accordingly, we affirm Mosley's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5